**Peter C. Richter, P.C.**
OSB No. 711465
peter.richter@millernash.com
**Steven G. Liday**
OSB No. 075975
steven.liday@millernash.com
MILLER NASH LLP
3400 U.S. Bancorp Tower
111 S.W. Fifth Avenue
Portland, Oregon  97204-3699
Telephone:  (503) 224-5858
Facsimile:  (503) 224-0155

Attorneys for Plaintiff
Don Rasmussen Company
dba Mercedes-Benz of Portland

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

(Portland Division)

| | |
|---|---|
| DON RASMUSSEN COMPANY dba MERCEDES-BENZ OF PORTLAND, an Oregon corporation,<br><br>            Plaintiff,<br><br>       v.<br><br>MERCEDES-BENZ, USA, LLC, a foreign limited liability company,<br><br>            Defendant. | CV No. Case No. 3:10-cv-01396-BR<br><br>RESPONSE TO DEFENDANT'S MOTION TO DISMISS |

Page 1 -   Response to Defendant's Motion to Dismiss

PDXDOCS:1913114.1

MILLER NASH LLP
ATTORNEYS AT LAW
TELEPHONE: (503) 224-5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON  97204-3699

## INTRODUCTION

On May 14, 2010, Mercedes-Benz, USA, LLC ("MBUSA"), informed Don Rasmussen Company ("Rasmussen") that it intended to terminate Rasmussen's dealership in 60 days. Under ORS 650.140, Rasmussen had the statutory right to protest this termination by filing a lawsuit in an Oregon court during the 60-day notice period.

On July 12, 2010, in an attempt to avoid prolonged litigation, the parties entered into a tolling agreement whereby the termination and time to protest under ORS 650.140 would be extended for 30 days while Rasmussen attempted to sell the dealership at issue. The tolling agreement also provided for renewals of the 30-day extension so long as Rasmussen was working in good faith to find a buyer and making progress in that regard. The parties entered into a nearly identical 30-day tolling agreement on August 11, 2010, that was renewed for 30-day extensions of the statutory time-limit on September 10, and October 11, 2010.

This motion arises because the 30th day of the parties' latest tolling agreement fell on a holiday—Veterans Day, November 11, 2010. On that day, MBUSA informed Rasmussen that it would not extend the tolling agreement, despite Rasmussen's contrary expectation and the nearing sale of the dealership. Due to the holiday closure of the courts, it was impossible for Rasmussen to file its lawsuit on November 11, but it did so on the next day, November 12, 2010. MBUSA now argues that this filing was too late.

Rasmussen and MBUSA agree that ORS 187.010 applies to private contracts; it states:

> "* * * (1) The following days are legal holidays in this state: * * *
> (h) **Veteran's Day on November 11** * * * (3) Any act authorized, required, or permitted to be performed on a holiday as designated in this section **may be performed on the next succeeding**

Page 2 -   Response to Defendant's Motion to Dismiss

PDXDOCS:1913114.1

MILLER NASH LLP
ATTORNEYS AT LAW
TELEPHONE: (503) 224-5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON  97204-3699

> **business day; and no liability or loss of rights of any kind shall result from such delay.**" (emphasis added).

Although the parties seem to agree that:

> ORS 187.010 applies to deadlines within private contracts,
>
> the parties agreed to 30-day extensions of the deadline for Rasmussen to protest under ORS 650.140 on four consecutive occasions,
>
> the final day of their most recent 30-day extension fell on Veterans Day, November 11, 2010, and
>
> Rasmussen filed its complaint in this matter on the next succeeding business day, November 12, 2010,

MBUSA argues in its motion that Rasmussen's protest was too late because ORS 187.010 only applies to deadlines that require a calculation of time, and not specifically chosen end-dates.

> Therefore the primary questions for the court to answer are as follows:
>
> 1.  Does ORS 187.010 treat deadlines within contracts differently depending on whether they are computed or specifically chosen calendar dates?
>
> 2.  If so, was the deadline in the parties' tolling agreement based on a specifically chosen calendar date?

Rasmussen respectfully submits that the answer to both of these questions is "no." MBUSA's characterization of ORS 187.010 is not supported by the plain language of the statute or Oregon case law, and the parties' deadline in the tolling agreement was based on rolling 30-day extensions—not a specifically chosen calendar date.

Finally, the tolling agreement in effect on November 11, 2010, provided for a 30-day extension so long as Rasmussen was diligently working towards finding a buyer for its dealership and making progress in that regard. MBUSA breached this provision, and the covenant of good faith and fair dealing, when it refused to provide the 30-day extension on

Page 3 -    Response to Defendant's Motion to Dismiss

PDXDOCS:1913114.1

MILLER NASH LLP
ATTORNEYS AT LAW
TELEPHONE: (503) 224-5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON  97204-3699

November 11, 2010, or accept any proof of the fulfillment of this condition precedent. Accordingly, under Rasmussen's allegations in its complaint—which must be taken as true for this motion—Rasmussen was entitled to another 30-day extension on November 11, 2010, and MBUSA is precluded from asserting a timeliness defense. Accordingly, Rasmussen respectfully asks this Court to deny MBUSA's motion to dismiss.

## BACKGROUND

### I.    The Underlying Termination Dispute.

Rasmussen has owned and operated Mercedes-Benz of Portland (the "Downtown Dealership") since 1957, which makes it the oldest Mercedes dealership in the United States. (Declaration of Steven G. Liday in Support of Response to Defendant's Motion to Dismiss ("Liday Decl."), ¶ 2.) On May 14, 2010, however, MBUSA informed Rasmussen that it intended to terminate the dealer agreements for Rasmussen's Downtown Dealership in 60 days. (Liday Decl., ¶ 3, Ex. 1.) MBUSA was obligated to provide this 60-day notice of termination under ORS 650.140. This statute also prohibits MBUSA from terminating or refusing to continue Rasmussen's Downtown Dealership prior to a court finding good cause for termination (so long as Rasmussen files a complaint protesting the termination). *See Cascade Motorsports of Oregon v. Am. Suzuki Motor Corp.*, 2004 WL 1839435 (D Or Aug. 16, 2004) (holding that manufacturer cannot terminate until a court finds good cause for termination).

On June 14, 2010, Rasmussen's attorney wrote a letter to MBUSA communicating Rasmussen's belief that the notice of termination violated Oregon's Motor Vehicle Dealership law (ORS 650.12, *et al.*), as well as the Federal Automobile Dealers' Day in Court Act (15 USC § 1222). (Liday Decl., ¶ 4, Ex. 2.)

Page 4 -    Response to Defendant's Motion to Dismiss

PDXDOCS:1913114.1

MILLER NASH LLP
ATTORNEYS AT LAW
TELEPHONE: (503) 224-5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON 97204-3699

## II.   The Parties Agree to Extend the Deadline Under ORS 650.140.

Rather than go through the expense and continued problems associated with MBUSA's demands, notice of termination, and resulting litigation, Rasmussen decided to sell its dealership. On July 12, 2010, the parties reached an agreement intending to avoid litigation whereby the 60-day deadline under ORS 650.140 would be extended for 30 days while Rasmussen searched for a buyer of the Downtown Dealership. (Liday Decl., ¶ 5, Ex. 3.) The July 12, 2010, agreement also provided that MBUSA would extend the tolling agreement for an additional 30 days "so long as Rasmussen [was] working in good faith to find a new buyer and progress has been made." *Id*.

On August 11, 2010, the parties entered into a very similar agreement to extend the deadline under ORS 650.140 for an additional 30 days. (Liday Decl., ¶ 6, Ex. 4.) The August 11, 2010, agreement again stated that MBUSA would provide a 30-day extension so long as "Rasmussen continues working in good faith to find a new buyer and progress has been made." *Id*. The August 11, 2010, also stated that "[s]hould the parties renew this agreement, the same terms will apply." *Id*. The parties renewed this 30-day extension agreement on September 10, 2010, under the same terms. (Liday Decl., ¶ 7, Ex. 5.)

## III.   MBUSA Breaches the Latest Tolling Agreement by Refusing to Honor the Additional 30-Day Extension.

On October 11, 2010, counsel for Rasmussen requested "another 30-day extension (under the same terms as previous extensions)…" (Liday Decl., ¶ 8, Ex. 6.) The following day, MBUSA's in-house counsel, Mark Kelly, and Steven Liday, the attorney for Rasmussen, participated in a teleconference and agreed to another renewal of the August 11, 2010, agreement. (Liday Decl., ¶ 9.) Accordingly, Rasmussen was entitled to

Page 5 -    Response to Defendant's Motion to Dismiss

PDXDOCS:1913114.1

MILLER NASH LLP
ATTORNEYS AT LAW
TELEPHONE: (503) 224-5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON  97204-3699

another 30-day extension starting on November 11, 2010, so long as "Rasmussen [was] working in good faith to find a new buyer and progress [had] been made." (Liday Decl., ¶ 10, Ex. 7.)

On November 11, 2010, MBUSA was aware that Rasmussen, within just four months of entering into the first tolling agreement (and in an extremely difficult local and national economy), had: (1) engaged MD Johnson, Inc., a national dealership brokerage firm; (2) identified several prospective buyers; (3) solicited two written offers to purchase the Downtown Dealership; and (4) was nearing completion of negotiations of the buy-sale agreement with a prospective buyer. (Liday Decl., ¶ 11.)

Nevertheless, at the close of its business on Veteran's Day, November 11, 2010, MBUSA sent an email stating it would not honor Rasmussen's request for the additional 30-day extension. (Liday Decl., ¶ 12, Ex. 8.) The following day, counsel for Rasmussen responded by requesting that MBUSA reverse its position and by offering to prove the existence of the impending sale through a conference call involving counsel for the confidential buyer. (Liday Decl., ¶ 13, Ex. 9.) Shortly thereafter, MBUSA in-house counsel, Charles Shady, telephoned Mr. Liday, to say that MBUSA was not interested in receiving proof of the impending sale and that MBUSA would not provide an extension under any circumstances. (Liday Decl., ¶ 14.) Mr. Shady was also of the opinion that it was too late for Rasmussen to file a protest. *Id*.

## ARGUMENT

### I.     Rasmussen's Protest of Termination Under ORS 650.140 Was Timely Filed.

MBUSA motion to dismiss is pinned on the conclusion that "it is no excuse that November 11, 2010, happened to be Veteran's Day, which is a legal holiday." (Memorandum in Support of Defendant's Motion to Dismiss ("MBUSA Memo"), dkt. # 11, at 5.) Whether or not

Page 6 -    Response to Defendant's Motion to Dismiss

PDXDOCS:1913114.1

MILLER NASH LLP
ATTORNEYS AT LAW
TELEPHONE: (503) 224-5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON  97204-3699

this occurrence is an "excuse," it is certainly of legal consequence in this matter. Both ORS 187.010(3) and ORS 174.120 provide an additional day when a deadline falls on a holiday. ORS 174.120—which applies to statutory deadlines in the Oregon Code—applies to the parties' tolling agreement because the agreement merely extended a statutory deadline (under ORS 650.140). *Jones v. Catholic Healthcare West*, 147 Cal App 4th 300, 306, 54 Cal Rptr 3d 148, 152 (Cal Ct App 2007) (parties' tolling agreement and three extensions did not strip applicability of Section 12a of the California Code of Civil Procedure, which provides an additional day when the last day for an act "required by law" falls on a holiday). For the sake of brevity, however, Rasmussen will focus its analysis on ORS 187.010(3) because MBUSA concedes that this statute applies to private contracts, (MBUSA Memo, dkt. #11, at 5[1]), and the language in ORS 187.010(3) is broader than the language in ORS 174.120.

    **A.**    **ORS 187.010(3) extended the final day of the tolling agreement from Veterans Day to November 12, 2010.**

In regards to time limits within contracts, ORS 187.010(3) states "[a]ny act authorized, required or permitted to be performed on a holiday as designated in this section may be performed on the next succeeding business day; and no liability or loss of rights of any kind shall result from such delay." The same principal is set forth in ORS 174.120[2] for statutory

---

[1] *Citing First Nat. Bank of Oregon v. Mobil Oil Corp.*, 272 Or 672, 679, 538 P2d 919, 923 (1975) (holding that ORS 187.010 applies to deadlines within contracts).

[2] ORS 174.120 provides in part:

"Computation of time. * * * (2) For the purposes of the determining [sic] whether a person has complied with the statutory time limitation governing an act to be performed in a circuit court * * * the designated period does include the last day unless the last day is:

    "(a) a legal holiday or Saturday; (b) a day on which the court is closed for the purpose of filing pleadings and other documents. * * *

    "If the last day of a designated period is excluded under the provisions of subsection (2) of this section, the act must be performed on the next day the court is open for the purpose of filing pleadings or other documents."

Page 7 -    Response to Defendant's Motion to Dismiss

PDXDOCS:1913114.1

MILLER NASH LLP
ATTORNEYS AT LAW
TELEPHONE: (503) 224-5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON 97204-3699

deadlines and Federal Rule of Civil Procedure 6(a)(1)(C)[3], which governs time limits under the Federal Rules, court order, or statute that does not specify another method for computing time. The extension of deadlines falling on holidays even applied at common law.[4]

Nevertheless, MBUSA argues that ORS 187.010(3) should not apply to this case because the parties chose a date-certain holiday as their deadline. This premise is ultimately irrelevant as the parties' tolling agreement was based on rolling 30-day extensions, and not a specifically chosen end-date. Furthermore, the language of ORS 187.010(3) in no way indicates that it only applies to computed deadlines.

### B. Even if the parties had chosen a date certain deadline, ORS 187.010(3) would still have extended the final day to November 12, 2010.

The central premise of MBUSA's memorandum, that date-certain deadlines are treated differently then calculated deadlines under ORS 187.010(3), is not supported by the cases it cites or the plain language of the statute.

#### 1. The case law cited by MBUSA does not support its contention that ORS 187.010(3) does not apply to date-certain deadlines.

MBUSA represents the holding of *Zelig v. Blue Point Oyster Co.*, 61 Or 535, 113 P 852 (1911), to be "declining to apply the predecessor statute to extend stipulated deadline where parties agreed to date certain." (MBUSA Memo, dkt. #11, at 5). The case is not particularly on point as the Oregon Supreme Court's primary holding was actually that the statute at issue, 531, L.O.L.,[5] did not apply to judicial orders, but only time limits under the Code. *Id* at

---

[3] "(a) Computing Time. The following rules apply in computing any time period specified in these rules, and any local rule or court order, or in any statute that does not specify a method of computing time. * * * (C) include the last day of the period, but if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday."

[4] Mobil Oil Corp., Or at 674.

[5] Which provided that "[t]he time within which an act is to be done as provided in this Code shall be computed by

Page 8 -   Response to Defendant's Motion to Dismiss

PDXDOCS:1913114.1

MILLER NASH LLP
ATTORNEYS AT LAW
TELEPHONE: (503) 224-5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON  97204-3699

538-540. MBUSA's characterization is somewhat correct in that the Court noted in dicta that the parties had consented to the deadline and, thus, it was a contract of record. *Id*. This comment is of little value to this motion, however, as ORS 187.010(3) was not yet in existence. Furthermore, MBUSA's description of 531, L.O.L. as the "predecessor statute" to ORS 187.010(3) is incorrect. (MBUSA Memo, dkt. #11, at 5.) The statute at issue in *Zelig* (531, L.O.L.) only applied to the computation of deadlines within the Code, while ORS 187.010(3) covers all deadlines, including those in contracts, whether computed or not. *See Mobil Oil Corp.*, 272 Or at 677 (stating that the Zelig court "did not consider what is now ORS 187.010(2), but considered only what is now ORS 174.120 (relating to time for doing acts as provided by statute).") Accordingly, the court in Zelig never considered the language and effect of ORS 187.010(3) and whether it applied to date-certain deadlines.

MBUSA also relies upon *First Nat. Bank of Oregon v. Mobil Oil Corp.*, 272 Or 672, 679, 538 P2d 919 (1975), and represents to the Court that its holding was "construing ORS 187.010 to extend a contractual deadline only where contract does not specify a date certain." (MBUSA Memo, dkt. #11, at 5.) In fact, the Court only held the converse—that ORS 187.010 **did** apply to a lease with a calculated deadline. The Court only touched briefly on the impact of a date-certain deadline and stopped well short of expressing an opinion that ORS 187.010 would not apply to a specifically chosen date. In fact, the court expressed doubt on whether a private contract (in comparison to a specific election statute) could ever override ORS 187.010:

> "It is one thing to construe an election statute with such a provision as overriding the terms of a statute of general application. It is quite another thing to suggest, as plaintiff contends, that the terms

---

excluding the first day and including the last, unless the last day fall upon Sunday, Christmas or other nonjudicial day, in which case the last day shall also be excluded."

Page 9 -    Response to Defendant's Motion to Dismiss

PDXDOCS:1913114.1

MILLER NASH LLP
ATTORNEYS AT LAW
TELEPHONE: (503) 224-5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON 97204-3699

>of a contract should be construed as overriding the terms of such a statute, particularly where, as in this case, the contract did not 'specifically authorize or require' the act to be performed on a Sunday, as previously discussed."

*Mobil Oil Corp.*, 272 Or at 681.

### 2. The plain language of ORS 187.010(3) does not limit its application to open-ended deadlines.

Should the Oregon Supreme Court ever consider whether ORS 187.010(3) applies to specifically-chosen deadlines within contracts, it would likely conclude that it does.

The distinction between calculated deadlines and date-certain deadlines has been historically made in the context of time computation statutes. For example, Fed R Civ P 6(a), which applies "in computing any time period," has been held to be irrelevant when the deadline does not need to be calculated. *Fleischhauer v. Feltner*, 3 F3d 148, 151 (6th Cir 1993) ("Computation under Rule 6(a), by its very nature, is only necessary when a court orders something to be done in a particular number of days."). It should be noted that many courts have refused to make the distinction in even this context. *Bailey v. United Airlines*, 279 F3d 194, 203 (3rd Cir 2002) (Upholding district court's ruling that Fed R Civ P 6(a) extended date-certain deadline); *Matter of Am. Healthcare Mgmt., Inc.*, 900 F2d 827, 831-32 (5th Cir 1990) (Stating that, under the nearly identical language of Bankruptcy Rule 9006(a), refusing to extend a date-certain deadline would be "assigning significance to a distinction without a difference").

In contrast to Fed R Civ P 6(a), and other time computation statutes, ORS 187.010(3) is not primarily concerned or limited to situations involving the calculation of deadlines. Rather, the statute is included in the "Legal Holidays" chapter of the Oregon Code and clearly states that it applies to "[a]ny act authorized, required or permitted to be performed

Page 10 -   Response to Defendant's Motion to Dismiss

PDXDOCS:1913114.1

MILLER NASH LLP
ATTORNEYS AT LAW
TELEPHONE: (503) 224-5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON  97204-3699

on a holiday as designated in this section…" ORS 187.010(3). Inserting a time-calculation prerequisite into the statute would violate the primary rule of statutory construction under Oregon law. ORS 174.010 ("In the construction of a statute, the office of the judge is simply to ascertain and declare what is, in terms or in substance, contained therein, **not to insert what has been omitted**…") (emphasis added); *In Matter of the Comp. of Suchi*, A139089 (Oregon Court of Appeals, October 20, 2010) ("we are required not to construe a statute in a way that is inconsistent with its plain text") (*citing State v. Gaines*, 346 Or 160, 173, 206 P3d 1042 (2009)).

Accordingly, ORS 187.010(3) by its plain language applies to all deadlines in contracts whether they are to be calculated on a certain number of days or are specifically chosen calendar dates.

### C. The parties did not choose a date-certain as their deadline for the tolling agreement.

The question of whether ORS 187.010(3) applies to specifically chosen deadlines is ultimately academic for purposes of this motion because the deadline in the parties' tolling agreement was based on rolling 30-day extensions—not a specifically chosen calendar date.[6]

As discussed above, the parties originally entered into their agreement to extend the protest deadline on July 12, 2010. (Liday Decl., ¶ 5, Ex. 3.) The agreement provided for a 30-day extension of the statutory time for Rasmussen to protest the termination under ORS 650.140 and that "MBUSA will enter into a subsequent agreement with Rasmussen providing an

---

[6] Although Rasmussen sets forth the relevant facts surrounding the last extension of the tolling agreement, it is actually sufficient for this motion that Rasmussen has alleged in its complaint that the parties entered into "30-day extensions * * *on August 11, September 10, and October 12, 2010." (Complaint, dkt #1, ¶ 20). For purposes of this motion to dismiss, these allegations must be taken as true. *National Audubon Soc., Inc., v. Davis*, 307 F3d 835, 855 (9th Cir 2002) (in a motion to dismiss for failure to state a claim, the court should consider all material allegations in the complaint as true); (MBUSA's Memo, at 5, fn 1 ("MBUSA does not intend to convert its motion to dismiss into one for summary judgment…")).

Page 11 -   Response to Defendant's Motion to Dismiss

PDXDOCS:1913114.1

MILLER NASH LLP
ATTORNEYS AT LAW
TELEPHONE: (503) 224-5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON  97204-3699

additional 30 days to file the complaint, so long as Rasmussen is working in good faith to find a new buyer and substantial progress is being made toward that end." *Id*. A nearly identical agreement was entered into on August 12, 2010, which was renewed two times (on September 10 and October 12, 2010). (Liday Decl., ¶ 6, Ex. 4.) In all, the parties agreed to four consecutive 30-day extensions. (Liday Decl., ¶¶ 5-10, Exs. 3-7.)

    The last agreement was reached on October 11, 2010, in a telephone conversation between counsel. (Liday Decl., ¶ 9.) The parties' counsel discussed and agreed to another 30-day extension, not a particular date for the tolling agreement to end. Yet, MBUSA attempts to transform the final day of the parties' fourth 30-day extension into a specifically-chosen deadline by virtue of MBUSA's in-house counsel's October 12, 2010, confirmation email. (MBUSA Memo, dkt. #11, at 5.) The confirmation email stated: "**Per our discussion**, MBUSA is agreeable to an additional 30 day extension on the terms as previously set forth (till November 11, 2010)." (Liday Decl., ¶ 10, Ex. 7) (emphasis added.) The attorney's use of a parenthetical to provide the calculated date that the 30-day extension would end indicates that the specific date was not the subject of the discussion or agreement between counsel, but merely additional information being added by the sender. The inclusion of the calculated deadline—which was incorrect because the attorney did not recognize the significance of the holiday under ORS 187.010(3)—does not transform the fourth 30-day extension into a specifically chosen deadline for Rasmussen to file the statutory complaint.

    The opinion *Zelig v. Blue Point Oyster Co.*, cited by MBUSA as one of its primary authorities, actually undermines MBUSA's position because the date-certain deadline in that case looks nothing like the tolling agreement in this matter. 61 Or at 538. In *Zelig*, the

Page 12 - Response to Defendant's Motion to Dismiss

PDXDOCS:1913114.1

MILLER NASH LLP
ATTORNEYS AT LAW
TELEPHONE: (503) 224-5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON 97204-3699

appellate judge issued an order on September 30, 2010, that the appellant was allowed "up to and including the 2d day of October, 1910," to file a transcript with the court. *Id*. The order did not provide for a certain number of days and the specially-stated deadline was only **two days** later (so that judge was presumably aware that it fell on a Sunday).

As indicated by the Oregon Supreme Court in *First Nat. Bank of Oregon v. Mobil Oil Corp.*, 272 Or 672, 681, 538 P2d 919 (1975), if a private contract could ever override the terms of ORS 187.010(3)—at a minimum—the relevant terms would have to be explicit, leaving no doubt as to the parties' intention to place the deadline on the holiday and override the rules of the statute. The inclusion of the parenthetical "(till November 11, 2010)" in MBUSA's counsel's confirmation email for the parties fourth consecutive 30-day extension does not come close to sufficiently establishing the parties' explicit intent to have the tolling agreement end on a holiday and override the statutory terms of ORS 187.010(3)—especially since the act being tolled was impossible on the holiday (given the closure of the courts).

## II. Rasmussen Has Alleged in Its Complaint that the Tolling Agreement Provided for an Additional 30-day Extension Beyond November 11, 2010, and thus MBUSA's Motion to Dismiss Should Not be Granted.

Even if Rasmussen had not filed its protest until a week after Veterans Day, Rasmussen's claim under ORS 650.140 would still not be suitable for dismissal because Rasmussen has alleged in its complaint—which must be taken as true under the legal standard governing a motion to dismiss for failure to state a claim—that Rasmussen was entitled to another 30-day extension of the tolling agreement starting on November 11, 2010.

In a motion to dismiss brought pursuant to Fed R Civ P 12(b)(6), the court should consider all material allegations in the complaint as true. *National Audubon Soc., Inc., v. Davis*,

Page 13 -   Response to Defendant's Motion to Dismiss

PDXDOCS:1913114.1

MILLER NASH LLP
ATTORNEYS AT LAW
TELEPHONE: (503) 224-5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON 97204-3699

307 F3d 835, 855 (9th Cir 2002). The motion should be denied if the complaint contains enough facts to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, ___ US ___, 129 S Ct 1937, 1949 (2009) (*quoting Bell Atl. Corp. v. Twombly*, 550 US 544, 570, 127 S Ct 1955, 167 L Ed 2d 929 (2007)). The issue is whether the facts alleged, if true, would entitle plaintiff to some form of legal remedy. *Swierkiewicz v. Sorema, N.A.*, 534 US 506, 514, 122 S Ct 992, 152 L Ed 2d 1 (2002). Unless the answer is beyond a doubt, and unequivocally a "no," the motion must be denied. *Id* at 514.

Rasmussen has alleged that the parties entered into a tolling agreement that provided for 30-day extensions "so long as Rasmussen was working in good faith and making progress towards finding a buyer." (Complaint, dkt. #1 at ¶ 20.) Rasmussen also alleged that it satisfied this condition precedent (Complaint, dkt. #1, at ¶¶ 21-26), and that MBUSA's refusal to honor the extension or even accept proof of the condition precedent was a breach of the tolling agreement and the covenant of good faith and fair dealing. (Complaint, dkt. #1, at ¶¶ 52-62.) Taking these allegations as true, Rasmussen was entitled to an additional 30 days after November 11, 2010, and, therefore, MBUSA is prohibited from asserting a timeliness defense. *Nash v. Lewis*, 04-6291-CO, 2006 WL 2399310 (D Or Aug. 17, 2006) (tolling agreement effectively extended statute of limitations preventing defendant from raising or relying upon defense); *United Fruit Company v. J.A. Folger*, 270 F2d 666, 669 (5th Cir 1959) ("We see no reason why the agreement should not be enforced according to its terms. A waiver of the statutory limitation is enforced against a defendant when the defendant attempts to plead the statute contrary to the terms of the waiver.").

Page 14 -   Response to Defendant's Motion to Dismiss

PDXDOCS:1913114.1

MILLER NASH LLP
ATTORNEYS AT LAW
TELEPHONE: (503) 224-5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON 97204-3699

Further, Rasmussen has pled sufficient facts to support an estoppel defense to the statute of limitations. "A defendant will be estopped from asserting [a statute of limitations] as a defense where a plaintiff can show that he was misled by the defendants into reasonably and justifiably believing that the statute of limitations would not be used as a defense or would be extended." *Mikinberg v. Baltic S.S. Co.*, 988 F2d 327, 331 (2nd Cir 1993).

Accordingly, even if ORS 187.010 was not in existence, MBUSA would still not be entitled to a dismissal of Rasmussen's first claim pursuant to Fed R Civ P 12(b)(6).

## CONCLUSION

MBUSA's motion to dismiss cannot be reconciled with ORS 187.010—which provided Rasmussen with an additional day to file its protest under ORS 650.140. MBUSA's distinction between calculated deadlines and specifically chosen dates is inapplicable to ORS 187.010 because it is not a statute for the computation of deadlines, and irrelevant since the parties' tolling agreement did not contain a specifically chosen date as the deadline. Furthermore, Rasmussen's allegations—which must be taken as true—provide for a 30-day extension of the tolling agreement beyond November 11, 2010. Accordingly, MBUSA's motion to dismiss based on Fed. R. Civ. P. 12(b)(6) should be denied.

Page 15 - Response to Defendant's Motion to Dismiss

PDXDOCS:1913114.1

MILLER NASH LLP
ATTORNEYS AT LAW
TELEPHONE: (503) 224-5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON 97204-3699

DATED this 27th day of December, 2010.

         MILLER NASH LLP


         /s/ Steven G. Liday
         Peter C. Richter, P.C., OSB No. 711465
         peter.richter@millernash.com
         Steven G. Liday, OSB No. 075975
         steven.liday@millernash.com
         111 S.W. Fifth Avenue, Suite 3400
         Portland, Oregon  97204
         Telephone:  (503) 224-5858
         Facsimile:  (503) 224-0155

         Attorneys for Plaintiff, Don Rasmussen Company,
         dba Mercedes-Benz of Portland

Page 16 -   Response to Defendant's Motion to Dismiss

PDXDOCS:1913114.1

MILLER NASH LLP
ATTORNEYS AT LAW
TELEPHONE: (503) 224-5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON  97204-3699

I hereby certify that I served the foregoing Response to Defendant's Motion to Dismiss on:

| | |
|---|---|
| Kerry J. Shepherd<br>Markowitz, Herbold, Glade & Mehlhaf, P.C.<br>Suite 3000 Pacwest Center<br>1211 SW Fifth Avenue<br>Portland, Oregon 97204-3730<br>Telephone:  (503) 295-3085<br>Facsimile:  (503) 323-9105<br>E-mail:<br>KerryShepherd@MHGM.com<br><br>Attorneys for Defendant Mercedes-Benz, USA, LLC | Steven M. Kelso<br>Andrew M. Unthank<br>Wheeler Trigg O'Donnell LLP<br>1801 California Street, Suite 3600<br>Denver, Colorado 80202-2617<br>Telephone:  (303) 244-1800<br>Facsimile:  (303) 244-1879<br>E-mail:<br>Kelso@wtotrial.com<br>Unthank@wtotrial.com<br><br>Attorneys for Defendant Mercedes-Benz, USA, LLC |

by the following indicated method or methods on the date set forth below:

☒   **CM/ECF system transmission.**

☐   **E-mail.**  As required by Local Rule 5.2, any interrogatories, requests for production, or requests for admission were e-mailed in Word or WordPerfect format, not in PDF, unless otherwise agreed to by the parties.

☐   **Facsimile communication device.**

☐   **First-class mail, postage prepaid.**

☐   **Hand-delivery.**

☐   **Overnight courier, delivery prepaid.**

DATED this 27th day of December, 2010.

/s/ Steven G. Liday
Steven G. Liday, OSB No. 075975

Page 1 -   Certificate of Service

PDXDOCS: 1913114.1

MILLER NASH LLP
ATTORNEYS AT LAW
TELEPHONE: (503) 224-5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON  97204-3699